ALEXANDER B. TRUEBLOOD
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255
Email: alec@hush.com

Attorneys for Plaintiff
JASMINE GILLETTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN – GREEN BAY DIVISION

| | |
|---|---|
| JASMINE GILLETTE,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CREDIT ACCEPTANCE, LLC, and SERVICE INTELLIGENCE, LLC,<br><br>Defendants. | Case No: 1:19-CV-00275<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE WISCONSIN CONSUMER ACT**<br><br>**(3) CONVERSION** |

Plaintiff Jasmine Gillette hereby complains against defendants American Credit Acceptance, LLC ("ACA") and Service Intelligence, LLC ("Service Intelligence"), and alleges on information and belief as follows:

**OPERATIVE FACTS**

1. On or about June 2, 2017, plaintiff purchased a 2016 Mazda vehicle from Appleton Auto, an auto dealership located in Appleton, Wisconsin, primarily for personal, family or household use, and signed a retail installment sales contract in which the amount financed was $25,000 or less. The contract granted the dealership a security interest in the vehicle, which became collateral for the loan. The dealership assigned the retail installment sale contract and security interest to ACA. Plaintiff subsequently fell behind on the contract payments.

2. ACA was prohibited by the Wisconsin Consumer Act from conducting an involuntary, self-help repossession of plaintiff's vehicle, before it sent plaintiff a written notice stating that it intended to repossess the car, and that plaintiff could object to self-help repossession and insist on court proceedings. ACA failed to mail such a pre-repossession notice to plaintiff.

3. ACA was also prohibited by the Wisconsin Consumer Act from conducting an involuntary repossession before it sent plaintiff a written notice of the right to cure the delinquency within 15 days. ACA failed to mail such a right to cure notice to plaintiff.

4. Despite being prohibited by law from employing self-help repossession, ACA hired a repossession agency, defendant Service Intelligence, to repossess plaintiff's vehicle, without a court order.

5. Defendant Service Intelligence repossessed plaintiff's vehicle on or about February 15, 2019, without a present right to do so, and in violation of Wisconsin law.

1

## JURISDICTION AND VENUE

6. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

8. Plaintiff is a natural person over the age of 18 years and is a resident of the state of Wisconsin.

9. Defendant American Credit Acceptance, LLC is a South Carolina limited liability company with its principal office in Spartanburg, South Carolina.

10. Defendant Service Intelligence, LLC is a Wisconsin limited liability company with its principal office in Appleton, Wisconsin.

11. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendant Service Intelligence for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

12. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

13. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant Service Intelligence is a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendant Service Intelligence is a repossession agency, which uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

14. Defendant Service Intelligence violated 15 U.S.C. § 1692f(6) by

2

taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.  There was no present right to repossession, and the vehicle was exempt from repossession, pursuant to Wisconsin Stat. §§ 425.105(1) and 425.206(1).

15. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

16. Plaintiff is entitled to statutory damages of $1,000 against Service Intelligence, pursuant to 15 U.S.C. § 1692k.  Defendant has frequently and persistently failed to comply with the FDCPA, and has violated the FDCPA intentionally.  The nature of defendant's violations justifies the maximum statutory damages award available.

17. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant ACA For Violations Of The Wisconsin Consumer Act)**

18. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

19. Plaintiff's purchase of the 2016 Mazda in the state of Wisconsin was a "consumer credit transaction" within the meaning of Wisconsin Stat. § 421.301(10). The amount financed in the transaction did not exceed $25,000, and the primary purpose of the transaction was not agricultural. Accordingly, the defendants are regulated by the Wisconsin Consumer Act, Wisconsin Stat. § 421.101 *et seq*, with respect to plaintiff's vehicle and loan contract.

20. In violation of Wisconsin Stat. § 425.105(1), defendant ACA took

3

possession of plaintiff's vehicle through an involuntary repossession, without first mailing plaintiff a written "right to cure" notice compliant with Wisconsin Stat. § 425.104(2).

21. In violation of Wisconsin Stat. § 425.205(1g)(a) and 425.206(1)(d), defendant ACA took possession of plaintiff's motor vehicle without first mailing plaintiff a written pre-repossession notice compliant with Wis. Stat. § 425.205(1g)(a)(1)-(4), and then waiting 15 days before any repossession.

22. In violation of Wisconsin Stat. § 425.205(1g)(c), defendant ACA failed to mail the pre-repossession notice required by Wisconsin Stat. § 425.205(1g)(a), to plaintiff by certified or registered mail.

23. Plaintiff is entitled to $25 plus plaintiff's actual damages sustained by reason of the violation, pursuant to Wisconsin Stat. § 425.302.

24. Plaintiff is entitled to retain her vehicle without obligation to pay any amount to defendant ACA, and to recover any sums paid on her contract, pursuant to Wisconsin Stat. § 425.305.

25. Plaintiff is entitled to her attorneys fees, costs, and expenses pursuant to Wisconsin Stat. § 425.308.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants For Conversion)**

26. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

27. Defendants intentionally controlled or took the vehicle belonging to plaintiff without consent, which resulted in a serious interference with plaintiff's right to possess the vehicle.

28. Plaintiff is entitled to any actual damages caused by defendants' conversion.

29. Defendants acted maliciously toward plaintiff or in intentional disregard of her rights, thereby entitling plaintiff to punitive damages.

4

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For clear title to the vehicle and a declaration that plaintiff owes no further debt in connection with the vehicle;
4. For restitution of all payments made in connection with the vehicle transaction;
5. For punitive damages;
6. For pre-judgment interest to the extent permitted by law;
7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
8. For such other and further relief as the Court may deem just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and Wisconsin constitutions.

Dated: February 20, 2019

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: /s *Alexander B. Trueblood*

Alexander B. Trueblood,
California Bar No. 150897
Attorneys for Plaintiff
JASMINE GILLETTE

Trueblood Law Firm
10940 Wilshire Blvd.
Los Angeles, California 90024
Tel: (310) 443-4139
Fax: (310) 943-2255
Email: alec@hush.com